**VIRGINIA:**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GATEWAY RESIDENCES AT EXCHANGE, LLC** | |
| **Plaintiff,** | Case No.: 1:17-cv-629-LO/JFA |
| v. | |
| **ILLINOIS UNION INSURANCE COMPANY d/b/a ACE AMERICAN INSURANCE COMPANY d/b/a ACE ENVIRONMENTAL d/b/a ACE USA d/b/a ACE USA COMPANIES,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Defendant, Illinois Union Insurance Company d/b/a ACE American Insurance Company d/b/a Ace Environmental d/b/a ACE USA d/b/a ACE USA Companies ("**Defendant**"), by counsel, and pursuant to 28 U.S.C §§ 1332, 1441, 1446, and Local Civil Rule 3, hereby files this Notice of Removal, and in support sets forth the following grounds:

### I. Background

1.  On April 25, 2017, Gateway Residencies at Exchange, LLC ("**Plaintiff**"), filed the instant Complaint in the Fairfax County Circuit Court, styled *Gateway Residences at Exchange, LLC. v. Illinois Union Insurance Company d/b/a ACE American Insurance Company,*

...

*d/b/a ACE Environmental d/b/a ACE USA, d/b/a ACE USA Companies*, Case No. CL2017-05917.[1]

2.  To effectuate service on Defendant, Plaintiff served the Secretary of the Commonwealth under the Commonwealth's Long Arm Statute on May 01, 2017.[2]

3.  On May 11, 2017, the Secretary of the Commonwealth, by certified mail, forwarded process to Defendants.[3]

4.  Defendant received Plaintiff's Complaint on May 15, 2017.[4]

5.  No further proceedings have been had in this action in the Fairfax Circuit Court as of the date of this filing.

## II. Legal Framework

6.  Except where a properly joined party "is a citizen of the State in which such action is brought," 18 U.S.C. § 1441 provides that "any civil action brought in a State court of which the [Federal] district courts . . . have original jurisdiction, may be removed by the defendant . . . to the [Federal] district court . . . for the district and division embracing the place where such action is pending."[5]

7.  Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction . . . where the matter in controversy exceeds . . . $75,000 . . . and is between—citizens of different states . . . ."

8.  Pursuant to 28 U.S.C. § 1446, a party seeking removal based on diversity of citizenship shall file a notice of removal within "30 days after the receipt by the defendant of a

---

[1] *See* Summons and Complaint attached hereto as **Exhibit A**.
[2] *See* Affidavit for Service of Process on the Secretary of the Commonwealth and accompanying Certificate of Compliance, attached hereto as **Exhibit B**.
[3] *Id*.
[4] *See* Notice of Service of Process, internally date stamped by Defendants: May 15, 2017, attached hereto as **Exhibit C**.
[5] 18 U.S.C. § 1441(a)-(b).

copy, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . ."[6]

9. Construing 28 U.S.C. 1446 in the context of a defendant served process through statutory agent, the overwhelming majority of federal district courts have held that the 30-day limitation period to file a notice of removal begins on a defendant's actual receipt of suit papers – not upon a plaintiff's service of defendant's statutory agent.[7]

10. Under this framework, Defendant has timely filed this Notice of Removal and properly placed it before the United States District Court for the Eastern District of Virginia, Alexandria Division.

11. Defendant is and was, both at the time of the commencement of this action and at the time of the filing of this Notice of Removal, a corporation organized and existing under Illinois law with its principal place of business in Pennsylvania and, therefore is a citizen of Illinois or Pennsylvania.

12. Plaintiff, upon information and belief, is and was, both at the time of the commencement of this action and at the time of the filing of this Notice of Removal, a corporation organized and existing under Delaware law with its principal place of business in Maryland and, therefore is a citizen of either Maryland or Delaware.

13. The amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional threshold, as more fully appears in the instant Complaint, wherein Plaintiff seeks $932,358, $370 in costs, and interest as damages.[8]

---

[6] 28 U.S.C. § 1446(b)(1).
[7] *See, e.g., White v Lively,* 304 F. Supp. 829, 831 (W.D. Va. 2004) (finding that "because statutory agents for service of process are not true agents, it would be contrary to the plain meaning of the removal statute to limit a defendant's removal period before actual receipt of the suit papers.").
[8] *See* **Exhibit A**.

14. Accordingly, this Court maintains original subject matter jurisdiction over this lawsuit; and, 18 U.S.C. § 1441(b)(2) does not preclude removal because Plaintiff and Defendant are citizens of different states. Moreover, Local Civil Rule 3 dictates that the United States District Court for the Eastern District of Virginia, Alexandria Division serves as the proper venue upon the removal of this action, currently pending before the Fairfax Circuit Court.[9]

15. Lastly, Defendant timely filed the instant Notice of Removal because Defendant's May 15, 2017 receipt of Plaintiff's initial pleading dictates a June 14, 2017, deadline for filing removal documents. Should the court instead rely on the May 11, 2017, date on which the Secretary of the Commonwealth forwarded process to the Defendant, even though it was not received until May 15, 2017, for purposes of calculating the date Defendant received process, the instant notice is nevertheless timely by nature of its filing prior to June 12, 2017.

### III. Conclusion

16. The undersigned is Counsel of Record for Defendant Illinois Union Insurance Company is duly authorized to effect removal on behalf of said Defendant.

13. In accordance with 28 U.S.C. 1446(d), upon filing this Notice of Removal, Defendant contemporaneously forwarded copies of same, with exhibits, to Plaintiff's counsel of record and the Fairfax Circuit Court Clerk.

14. Defendant reserves the right to amend, alter, supplement, and/or otherwise change this Notice of Removal at any time up to, and including, trial as permitted by the *Federal Rules of Civil Procedure*.

WHEREFORE, for the foregoing reasons, Defendant Illinois Union Insurance Company, by Counsel, respectfully requests and moves that the above-styled action, now pending the

---

[9] *See* E.D. Va. Loc. R. 3(B)(4).

Fairfax Circuit Court, be removed to the United States District Court for the Eastern District of Virginia, Alexandria Division, and for such other relief as the Court may deem appropriate.

                                                **ILLINOIS UNION INSURANCE COMPANY**

                                                By Counsel

_____/S/_____
Douglas A. Winegardner (VSB No. 46570)
SANDS ANDERSON PC
Bank of America Center, Ste. 2400
1111 East Main Street (23219)
P. O. Box 1998
Richmond, VA 23218-1998
Telephone:  804-648-1636
Telefax:  804-783-7291
dwinegardner@sandsanderson.com
*Counsel for Defendant Illinois Union Insurance Company*

## **CERTIFICATION**

I hereby certify that on the 1st day of June, 2017, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/EMC system, and I certify that I mailed by the U.S. Postal Service the document to Counsel for Plaintiff and to the Clerk of the Fairfax Circuit Court, as follows:

C. Thomas Brown, VSB #23743
Erik B. Lawson, VSB #79656
Caitlin M. Brown, VSB # 89038
Silver & Brown, PC
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
Phone:  703-591-6666
Fax:      703-591-5618
tom@virginia-lawyers.net
erik@virginia-lawyers.net
Caitlin@virginia-lawyers.net
*Counsel for Plaintiff*

Fairfax Circuit Clerk's Office
4110 Chain Bridge Road
Fairfax, Virginia 22030

                                                                 /S/
                                    Douglas A. Winegardner (VSB No. 46570)
                                    SANDS ANDERSON PC
                                    Bank of America Center, Ste. 2400
                                    1111 East Main Street (23219)
                                    P. O. Box 1998
                                    Richmond, VA 23218-1998
                                    Telephone:  804-648-1636
                                    Telefax:  804-783-7291
                                    dwinegardner@sandsanderson.com
                                    *Counsel for Defendant Illinois Union Insurance Company*