## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| GATEWAY RESIDENCES AT EXCHANGE, LLC, | )<br>)<br>) |
| Plaintiff, | ) Civil No. 1:17-cv-629<br>) |
| v. | ) Hon. Liam O'Grady<br>) Hon. John F. Anderson |
| ILLINOIS UNION INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on cross motions for summary judgment. *See* Dkt. 28 (Defendant's motion); Dkt. 30 (Plaintiff's motion). For the reasons explained below and for good cause shown, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

### I. Background

Plaintiff Gateway Residences at Exchange, LLC ("Gateway") is seeking to recover insurance proceeds to satisfy a default judgment that Gateway obtained against Defendant Illinois Union Insurance Company's ("IUIC") insured, Mechanical Design Group Ltd ("MDG"). Gateway sued MDG in Fairfax Circuit Court on September 16, 2016, alleging negligent design by MDG during the design and construction of a building sometime in 2014. MDG did not appear in the lawsuit, and Gateway obtained a default judgment in the amount of $910,148, plus approximately $22,000 in attorney's fees and costs. *See* Dkt. 1, Ex. 13; Ex. 7 at ¶ 4-9. Gateway now seeks to recover that judgment from IUIC, claiming that IUIC is required to indemnify MDG.

IUIC covered MDG under an insurance policy running from February 1, 2014 through February 1, 2015 ("the Policy"). The Policy is a "claims made and reported" policy, which requires as a condition of coverage that a claim must be made *and reported* to the insurer within the policy period. IUIC alleges that there is no coverage under the Policy because IUIC received no claim during the existence of the Policy, which was cancelled at the request of First Insurance Funding on September 5, 2014. First Insurance was the premium finance company for the insurance policy under which MDG had coverage, and First Insurance had power of attorney over the policy (and thus, according to IUIC, authority to request cancellation of the policy). Gateway disputes the validity of the policy's cancellation. In the alternative, IUIC argues that the Policy's natural termination date was February 1, 2015, and thus even in the absence of a proper cancellation, the Policy would have ended prior to IUIC's notification of Gateway's claim on September 2, 2016.

The Court heard oral arguments on the motions on March 16, 2018. Counsel for both parties acknowledged that no genuine issues of material fact are in dispute, and that this matter is ripe for summary judgment. Having reviewed the pleadings and considered the parties' arguments, the Court agrees. *See Minnesota Lawyers Mut., Ins. Co. v. Protostorm, LLC*, 197 F. Supp. 3d 876, 882 (E.D. Va. 2016) ("The interpretation of an insurance policy is a question of law that is particularly well suited for summary judgment.").

## II. Legal Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of showing the court the basis for its motion and identifying the evidence that demonstrates the absence of a genuine issue of material fact. *Id.* Once the moving party satisfies its initial burden, the opposing party has the burden of showing, by means of affidavits or other verified evidence, that there exists a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In reviewing a summary judgment motion, the court must "draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992). Summary judgment is not appropriate if the resolution of material issues depends on credibility determinations. *Meyers v. Baltimore Cty.*, 713 F.3d 723, 730 (4th Cir. 2013).

### III. Analysis

#### a. Plaintiff's Motion for Summary Judgment

Gateway presents three arguments in favor of its motion. First, Gateway argues that IUIC has waived its "claims made and reported" defense because IUIC failed to notify Gateway of MDG's alleged breach of the Policy within 45 days of IUIC's discovery of a breach, thereby bringing IUIC under the coverage of VA. CODE ANN. § 38.2-2226. Second, Gateway argues that the Policy was never cancelled or was inappropriately cancelled, and therefore the Policy remained in force at the time Gateway notified IUIC of its claim. Third, Gateway argues that MDG's coverage under the Policy continued through an "extended reporting period," and that Gateway reported its claim to IUIC during the lifetime of this extended reporting period. All three arguments fail, for the reasons explained below.

i. <u>Waiver under VA. CODE ANN. § 38.2-2226</u>

3

First, Gateway argues that IUIC is barred from asserting MDG/Gateway's failure to timely make a claim under the Policy as a defense to coverage. Gateway cites VA. CODE ANN. § 38.2-2226, which instructs that when an insurer discovers a breach of the conditions of an insurance contract by the insured, the insurer must notify a claimant within 45 days of such discovery, or waive the defense. Gateway asserts, without citation to support, that "[IUIC] undisputedly failed to communicate with the claimant or claimant's counsel until January 23, 2017, which was more than forty-five days after it drafted its denial letter based on the breach." Dkt. 34 at 2-3.

However, Section 38.2-2226 does not apply to this case, because IUIC is not asserting that MDG violated any Policy provision. Rather, IUIC asserts that the plain language of the Policy does not provide coverage for Gateway's claim. *See* Dkt. 35 at 2-3. Therefore, any failure by MDG to report Gateway's claim to IUIC was not a breach of the Policy, but rather a non-occurrence of a condition precedent to coverage under the Policy. *See Cheatham v. NGM Ins. Co.*, No. 3:12-cv-263, 2013 WL 509049, at *5 (E.D. Va. Feb. 11, 2013) (finding that Section 38.2-2226 has no application where the insurance company does not maintain that the insured breached the terms of the policy, but rather disputes "whether the language of the policy covers the claims"); *Jackson v. Middleton*, 90 Va. Cir. 279 (2015) (same); *see also James River Ins. Co. v. Brick House Title*, No. PWG-16-3464, 2018 WL 5126154 (D. Md. Nov. 6, 2017) ("[W]hen the act triggering coverage—usually notice of a claim or suit being filed against and served upon an insured under third-party liability notices—does not occur until after the expiration of the liability policy . . . it is a non-occurrence of the condition precedent to coverage, rather than a breach of the policy.") (internal citations omitted) (applying Maryland law).[1]

---

[1] It is undisputed that Gateway's counsel had *actual notice* of the denial. Gateway acknowledges that it received an email from Alliant, the insurance broker, on October 17, 2016. *See* Dkt. 31 at 16. The email notified Gateway that

4

ii. Invalid Cancellation

Second, Gateway argues that the Policy was never properly cancelled. Gateway contends that MDG repeatedly requested that its Policy remain in force, and that IUIC attempted to cancel the policy based on a defective request from Financial Insurance. *See* Dkt. 34 at 18. This argument is irrelevant to the issue before this Court, because *even if* an improper cancellation occurred, it is undisputed that the Policy would have naturally terminated on February 1, 2015. Given that it is also undisputed that September 2, 2016 is the earliest date on which IUIC was notified of Gateway's claim, Gateway's argument of improper cancellation does not advance its attempt to find coverage under the "claims made and reported" Policy. Thus, even if the cancellation was not effective, the Policy terminated before Gateway made its claim to IUIC, and Gateway's claims thus fall outside the coverage of the Policy.

iii. Extended Reporting Period

Finally, Gateway argues that IUIC's policy allows for claims to be made during an "extended reporting period," ("ERP") and that MDG's Policy was prolonged due to its request for an ERP. If true, this would make Gateway's September 2, 2016 notification to IUIC a claim reported during the lifetime of the Policy.

Under the Policy's terms, the insured automatically receives a 60 day ERP, and is entitled to an additional 34 months of ERP upon request (and at an additional price). *See* Dkt. 29, Ex. 1 at 14. Gateway argues, without citation to any support, that the longer "ERP was requested and thus the claim was timely reported to IUIC." *See* Dkt. 34 at 20. The record shows that, at most, MDG inquired about the possibility of an ERP. *See* Dkt. 31, Ex. 30 at 142-43. There is no evidence of a

---

Ace/Chubb (and therefore IUIC) was denying the claim. A copy of the declination letter was attached to that email. *See* Dkt. 29, Ex. 8. Even if IUIC was obliged to notify Gateway that there was no coverage for its claim, which this Courts finds it was not, Gateway's actual notice weighs against its contention that it has suffered the harm the statute intended to prevent. *See Liberty Mut. Ins. Co. v. Safeco Ins. Co. of America*, 223 S.E.2d 317, 474 (Va. 1982) (noting that the purpose of such a notice statute is to enable a third party claimant to protect his rights).

5

formal request for an ERP, nor of any payment from MDG to IUIC to acquire the 34-month ERP. Gateway's counsel acknowledged the same during oral arguments. As the record stands, there is no evidence by which the Court can conclude that MDG acquired the ERP option, or that its policy extended the full 34-month period.

### b. Defendant's Motion for Summary Judgment

IUIC's argument in favor of its Motion for Summary Judgment is simple: the Policy is a "claims made and reported" policy, not an "occurrence-based" policy, and any claim against the Policy must have been received by IUIC within the applicable policy period for any coverage duty to attach. *See* Dkt. 31, Ex. 1 at 2. The Court agrees.

This Court must interpret the insurance contract according to its clearly stated terms. *See Adolf Jewelers, Inc. v. Jewelers Mut. Ins. Co.*, 614 F. Supp. 2d 648, 652 (E.D. Va. 2008) ("No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly."); *KBS, Inc. v. Great Am. Ins. Co. of New York*, No. 3:04-cv-730, 2006 WL 3538985, at *6 (E.D. Va. Dec. 7, 2006) ("Under Virginia law, it is a function of the court to construe the language of the insurance policy as written, without reforming the contract different from that plainly intended by the parties, thus creating a liability not originally assumed by the insurer.").

Here, the Policy clearly instructs that when a claim is not reported to the insurer within the policy period, there is no coverage even if the claim itself occurred during the policy period. On the first page of the Policy, in bold print with capital lettering, the nature of the policy is clearly explained: **"THIS POLICY PROVIDES LIABILITY COVERAGE ON A CLAIMS-MADE AND REPORTED BASIS, WHICH COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSURED AND REPORTED TO THE INSURER, IN WRITING,**

**DURING THE POLICY PERIOD.**" *See* Dkt. 31 Ex. 1 at 2. Courts have found in favor of insurers where a claims-made policy expired before the insurer received notice of the claim. *See, e.g., Minnesota Lawyers Mut. Ins. Co. v. Baylor & Jackson, PLLC*, 852 F. Supp. 2d 647, 660 (D. Md. 2012), *aff'd*, 531 F. App'x 312 (4th Cir. 2013) ("[W]hen the claims made policy at issue here expired there was nothing left. The policy could not be breached because there was no longer a policy to be breached.") (internal citations omitted); *Bediako v. Am. Honda Fin. Corp.*, 850 F. Supp. 2d 574, 579 (D. Md. 2012) (explaining that claims made policies allow insurers to "close their books" on possible claims within a reasonable period of time after the close of a policy period, and to avoid indefinite exposure on claims). There can be no dispute that the terms of the Policy required a claim to be both made and reported to the insurer in order for coverage to attach. Gateway can only succeed, therefore, if it can show that IUIC received notice of its claim prior to the termination of the Policy. Gateway has failed to make such a showing.

The record shows that IUIC was notified of Gateway's claim on September 2, 2016, when it received a letter from Gateway's counsel. *See* Dkt. 1, Ex. 5. Gateway has not produced any evidence to support its assertion that IUIC was notified of Gateway's claim against MDG at an earlier date, prior to the conclusion of the Policy. *See, e.g.*, Dkt. 34 at 9 (stating only that IUIC was notified of the claim against MDG on September 6, 2016, which was *after* the cancellation and/or expiration of the policy).[2] And, as explained above, Gateway has produced no evidence to show that the Policy remained in force beyond February 2015. Therefore, on the record before the Court, there is no genuine dispute of material fact on the question of whether IUIC received notice of the claim within the requisite time period. It did not, and therefore it is not obligated to provide coverage under the Policy.

---

[2] Despite asserting in initial answers in interrogatories that "[i]t is believed that Notice was given by Design Mechanical in or about August/September 2014 to the Defendant Insurer or its agent," Plaintiff has not produced any documentary or testimonial evidence in support of that belief.

## IV. Conclusion

Even drawing all justifiable inferences in Gateway's favor, the Court finds no evidence that a claim was made and reported during the lifetime of the Policy. The Court also finds no evidence that MDG formally requested or paid for an extended reporting period. In short, there are simply no facts to support a finding in Gateway's favor. Therefore the Court hereby **GRANTS** Defendant IUIC's Motion for Summary Judgment (Dkt. 28) and **DENIES** Plaintiff Gateway's Motion for Summary Judgment (Dkt. 30).

This case is hereby **DISMISSED**. The Clerk of Court is directed to enter judgment in Defendant's favor pursuant to Rule 58 of the Federal Rules of Civil Procedure.

It is **SO ORDERED**.

April 3, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge